Filed 3/7/22  Amlap ST LLC v. Asset Management Consultants Inc. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| AMLAP ST LLC et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>ASSET MANAGEMENT CONSULTANTS INC. et al.,<br><br>    Defendants and Respondents. | B309770<br><br>(Los Angeles County Super. Ct. No. BC459858) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel J. Buckley, Judge.  Reversed and remanded with directions.

Catanzarite Law Corporation, Kenneth J. Catanzarite, Nicole M. Catanzarite-Woodward and Eric V. Anderton for Plaintiffs and Appellants Amlap ST, LLC and Superstition Lookout Delaware, LLC.

Jackson Tidus and Charles M. Clark for Defendants and Respondents Asset Management Consultants, Inc., BH & Sons, LLC, James R. Hopper, Kevin Hopper and Gloria Hopper.

_____

The superior court granted the petition filed by Asset Management Consultants, Inc. (AMC), BH & Sons, LLC, James R. Hopper and Gloria Hopper (collectively BH parties) and Kevin Hopper (K. Hopper) to confirm an arbitration award dismissing the investment fraud claims of Amlap ST, LLC and Superstition Lookout Delaware, LLC (collectively Amlap investors) as barred by governing statutes of limitations;[1] denied the Amlap investors' petition to vacate or correct the award; and entered judgment in favor of the BH parties and K. Hopper. The arbitration was conducted pursuant to the arbitration provision in the cotenancy agreement between BH & Sons, on the one hand, and tenant in common investors in commercial property located on East La Palma Avenue in Anaheim (the Amlap property), including Amlap ST, on the other hand.[2] On appeal

---

[1] The Amlap investors' claims of fraud and the early procedural history of their litigation against the BH parties, K. Hopper and related individuals and entities are described in detail in our first opinion in this case, *Amlap ST, LLC v. Asset Management Consultants, Inc.* (Mar. 14, 2016, B263056) [nonpub. opn.] in which we reversed a prior order compelling arbitration pursuant to the terms of the arbitration provision in the contract by which BH & Sons acquired the Amlap property from a third party.

[2] Amlap ST is a special purpose entity formed as a lender requirement to facilitate Superstition's investment in the Amlap property.

the Amlap investors argue, among other contentions, arbitration should not have been compelled because their investment fraud claims were outside the scope of the cotenancy agreement's arbitration provision.

Because identical challenges by tenant in common investors ("the Ahern parties") to a judgment confirming an arbitration award, including the arbitrability of the tenant in common investors' investment fraud claims, were already before this court in *Ahern v. Asset Management Consultants, Inc.* (2022) 74 Cal.App.5th 657 (*Ahern 2022*), we directed the parties to this appeal (and those involved in several related appeals) to meet and confer to determine whether they would stipulate that some or all of the overlapping issues could be decided by this court's opinion in *Ahern 2022*. In a joint status report filed January 25, 2022 counsel for the parties in the instant appeal stipulated that this court's opinion in *Ahern 2022* would decide several issues, including "whether the claims asserted against these Respondents fall within the scope of the CTA's [cotenancy agreement's] arbitration clause."

After the parties' stipulation, in *Ahern 2022*, *supra*, 74 Cal.App.5th 675 we reversed the judgment confirming the arbitration award, agreeing with the Ahern parties the trial court had erred in compelling arbitration of their claims pursuant to the arbitration provision in the cotenancy agreement. (*Id.* at p. 679.)

We first explained the tenant in common purchase and sale agreement by which the investors acquired their interests in the Amlap property, allegedly due to fraudulent representations in promotional materials developed and distributed by AMC and BH & Sons, contained no arbitration provision. The cotenancy

3

agreement, which concerned the operation and management of the Amlap property and the respective rights of the tenants in common in those decisions once the investment interests had been acquired, did require arbitration, but its language was particularly narrow. It specifically provided for arbitration only of disputes arising in connection with the interpretation and enforcement of provisions of the cotenancy agreement, omitting any general reference to disputes "related to" the agreement.[3] (*Ahern 2022*, *supra*, 74 Cal.App.5th at pp. 689-690.)

We then considered various arguments advanced in support of the order compelling arbitration, concluding none had merit: "[T]he Ahern parties' lawsuit does not involve the interpretation or enforcement of a provision of the cotenancy agreement; their claims are not 'rooted in' the cotenancy agreement; and applying Civil Code section 1642's interpretative tool does not justify requiring arbitration of a dispute that relates to the acquisition of the Amlap investment, not to its management and operation." (*Ahern 2022*, *supra*, 74 Cal.App.5th at p. 675.)

Based on the parties' January 25, 2022 stipulation that the issue of the scope of the arbitration provision in the cotenancy agreement and the propriety of the trial court order compelling arbitration of the Amlap investors' claims would be decided by our opinion in *Ahern 2022* and for the reasons explained in that

---

[3]    Paragraph 9.8 of the cotenancy agreement provided, "Unless the relief sought requires the exercise of the equity powers of a court of competent jurisdiction, any dispute arising in connection with the interpretation or enforcement of the provisions of this Agreement, or the application or validity thereof, shall be submitted to arbitration."

opinion, we hold the Amlap investors were not properly compelled to arbitrate their claims against the BH parties and K. Hopper and reverse the judgment.

## DISPOSITION

The judgment confirming the arbitration award is reversed. The matter is remanded with directions to deny the petition to confirm the arbitration award, to grant the petition to vacate the award and to vacate the September 29, 2016 order compelling arbitration. The Amlap investors are to recover their costs on appeal.


PERLUSS, P. J.


We concur:


SEGAL, J.


FEUER, J.

5